IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSHUA L. DAVIS,**
**No. 39224-424,**

**Petitioner,**

      vs.                                         Case No. 17-cv-379-DRH

**USA,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner, currently incarcerated in the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Relying on the recent case of *Mathis v. United States*, — U.S. –, 136 S. Ct. 2243 (2016) and other recent decisions, he argues that his two prior Illinois state convictions (one for delivery of a controlled substance, and the other for aggravated discharge of a firearm) should not have been used to impose an enhanced sentence under the career offender sentencing guidelines.

    This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the

1

district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b).

## **Background**

In September 2009, Petitioner pled guilty to 2 counts of a 6-count indictment – Count 1, for distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), and Count 6, for possessing firearms and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1, p. 4-5); *United States v. Davis*, Case No. 08-cr-50026 (N.D. Ill., Doc. 57). Because Petitioner had previously been convicted in Whiteside County, Illinois, of aggravated discharge of a firearm (Case No. 94-CF-75) (which qualifies as a crime of violence), and delivery of a controlled substance (Case No. 98-CF-158), the court sentenced him as a career offender pursuant to the United States Sentencing Guidelines (USSG) at § 4B1.1. The advisory sentencing range under the USSG was 262-327 months, with a statutory minimum sentence of 10 years. (Doc. 57 in criminal case, pp. 9-11). On December 14, 2009, Petitioner was sentenced to a below-guidelines term of 240 months on Count 1, to run concurrently to a 120-month sentence on Count 6. (Doc. 69 in criminal case).

On January 18, 2011, the Seventh Circuit dismissed Petitioner's direct appeal after his counsel filed an *Anders* brief. (Doc. 94 in criminal case). In 2012, Petitioner filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582, which was unsuccessful. (Docs. 108-109 in criminal case).

Subsequently, Petitioner made several attempts to challenge his sentence pursuant to 28 U.S.C. § 2255. His initial § 2255 motion was denied as untimely. *United States v. Davis*, No. 13-cv-50360 (N.D. Ill., March 18, 2014; Doc. 6). In the order denying relief, the court discussed Petitioner's challenge to his career offender classification, finding that even if the § 2255 challenge had been timely, it would have failed.

In 2016, Petitioner filed three applications with the Seventh Circuit, seeking permission to file a second or successive § 2255 motion. Each was unsuccessful. In Case Nos. 16-1726 and 16-3204, Petitioner attempted to challenge his career-offender sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Seventh Circuit responded that *Johnson* was inapplicable because Petitioner was not sentenced under the residual clause of the Armed Career Criminal Act. *Davis v. United States*, No. 16-1726 (7th Cir. April 28, 2016, Doc. 6). Further, Petitioner's conviction for aggravated discharge of a firearm was properly used as a career-offender-qualifying conviction, because it included as an element the use, threatened use, or attempted use of force. *Id*. (citing *United States v. Womack*, 732 F.3d 745, 748-49 (7th Cir. 2013). Petitioner also sought to challenge his sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016), in Case Nos. 16-

3

3204 and 16-3745. In denying permission for a second/successive § 2255 in those cases, the Seventh Circuit noted that *Mathis* did not meet the criteria to form the basis for a sentence challenge in a § 2255 proceeding. *Davis v. United States*, No. 16-3204 (7th Cir. Sept. 12, 2016, Doc. 2).

Following the Seventh Circuit's rejection of the above applications, Petitioner filed the instant action on April 12, 2017.

## **The Petition**

Petitioner argues that the Illinois statutes under which he was convicted in his prior drug and firearm offenses are "divisible," and do not qualify as predicate offenses for a career-criminal enhancement when analyzed using the "modified categorical approach" as explained in *United States v. Descamps*, 133 S. Ct. 2276, 2281 (2013). (Doc. 1, pp. 1, 6-7). He invokes *Mathis*, 136 S. Ct. 2243, and points to *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), as an example. In *Hinkle*, the appellate court found that a Texas conviction for delivery of heroin did not qualify as a "controlled substance offense" to trigger an enhanced career-offender sentence under the USSG, because the state statute criminalized some conduct that fell outside the USSG definition of a predicate controlled substance offense. Petitioner argues that his conviction for possession of a controlled substance with intent to deliver, under 720 ILCS 570/401(c)(2), similarly should not have been used to enhance his sentence. (Doc. 1, pp. 6-9). He claims the statute includes the element of simple possession, which would not trigger the

enhanced sentencing scheme, as well as delivery of a controlled substance, which is a qualifying offense.

Based on these arguments, Petitioner requests the Court to vacate, set aside, or correct his sentence. (Doc. 1, p. 11).

### **Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, Petitioner is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792,

798-99 (7th Cir. 2002). The fact that Petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Petitioner invokes *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), as grounds for his argument that his previous Illinois drug

6

conviction should not have been counted as a "controlled substance offense" under the definitions in the United States Sentencing Guidelines. In *Mathis*, the Supreme Court held that an Iowa burglary statute which allowed for a conviction based on entry to a vehicle was too broad to qualify as a "generic burglary" statute. "Generic burglary" requires that the unlawful entry must have been made to a building or other structure. Because the Iowa statute was not "divisible" into distinct elements according to where the crime occurred, the *Mathis* Court held that a conviction under that state law could not be used as a predicate offense to enhance a federal defendant's sentence under the burglary clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *Mathis*, 136 S. Ct. at 2250-51; *see also United States v. Haney*, 840 F.3d 472, 475-76 (7th Cir. 2016). *Mathis* is a statutory interpretation case rather than a constitutional case, thus it satisfies the first element of the savings clause. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241").

As to the second factor, the decision in *Mathis* was announced on June 23, 2016, long after Petitioner's § 2255 motion was denied on March 18, 2014, so Petitioner could not have relied on *Mathis* in that proceeding. Further, the Seventh Circuit has determined that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) (citing *Davis v. United States*, 417 U.S. 333

7

(1974); *Montgomery v. Louisiana*, — U.S. —, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016)).

Finally, Petitioner asserts that the increase in the calculation of his sentencing range based on the career-criminal enhancement (which relied on the Illinois drug conviction as well as the firearm conviction), may have resulted in a longer sentence. If so, this could be deemed a miscarriage of justice. The Petition thus facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e).

It is notable, however, that "[t]he Supreme Court's decision in *Mathis* dealt with the Armed Career Criminal Act (ACCA), not the federal sentencing Guidelines." *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). The *Mathis* decision thus may or may not be applicable to Petitioner's sentence, where the sentencing enhancement was determined based on the advisory sentencing guidelines, not the ACCA statute. The Supreme Court recently held that the residual clause in USSG § 4B1.2(a) was not subject to a vagueness challenge, distinguishing the situation where a sentence was based on the advisory guidelines from a sentence imposed under the residual clause of the ACCA statute. *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017) (distiguishing *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015)).

Given the limited record before the Court at this stage, and the still-developing application of the *Mathis* decision, it is not plainly apparent that

Petitioner is not entitled to habeas relief. *See* Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Therefore, the Court finds it appropriate to order a response to the Petition.

### Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead within thirty days of the date this Order is entered. This preliminary Order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to

provide such notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: June 13, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.06.13 16:52:22 -05'00'

**United States District Judge**