IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA L. DAVIS, #39224-424, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 17-cv-0379-NJR ) |
| T. G. WERLICH, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Joshua L. Davis, a federal prisoner incarcerated at FCI-Greenville, filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 12, 2017. (Doc. 1). He relies on *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016), and related decisions to challenge his federal sentence, which was imposed after the court applied the career offender provision of Section 4B1.1 of the United States Sentencing Guidelines (the "Guidelines") to calculate his applicable Guideline range. Davis argues that after *Mathis*, his two prior Illinois state convictions—one for delivery of a controlled substance, and the other for aggravated discharge of a firearm—no longer qualify as the basis for a career-offender enhancement.

After Respondent's initial Response (Doc. 10) and Davis's Reply (Doc. 16), Respondent supplemented his Response (Doc. 17). Davis replied (Doc. 21) and filed three more supplements of his own (Docs. 25, 29, and 37). Respondent filed another Response, (Doc. 30), to which Davis replied, (Doc. 33), and most recently filed a Motion to Dismiss (Doc. 38), to which Davis responded (Doc. 40).

## RELEVANT FACTS AND PROCEDURAL HISTORY

In September 2009, Davis pled guilty to distributing more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), and possessing firearms and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1, pp. 4–5; Doc. 10-2, p. 2); *United States v. Davis*, No. 08-cr-50026, Doc. 57 (N.D. Ill. Sept. 11, 2009) ("criminal case"). Davis had previously been convicted in Whiteside County, Illinois, of aggravated discharge of a firearm (Case No. 94-CF-75) and delivery of a controlled substance (Case No. 98-CF-158). Accordingly, the court considered him to be a career offender pursuant to Section 4B1.1 of the Guidelines. *Davis*, No. 08-cr-50026, Doc. 81 at pp. 4–7 (April 6, 2010).

The advisory sentencing range under the Guidelines was 262–327 months, and at the time of his conviction and sentencing, Davis's statutory sentencing range was 10 years (120 months) to life imprisonment. (Doc. 57, pp. 9–11 in criminal case); (Doc. 11-1, p. 1); 21 U.S.C. § 841(b)(1)(A)(iii) (2009). Notably, even under the current United States Code, possession with intent to distribute or dispense 28 grams or more of cocaine base has a statutory maximum penalty of forty years (480 months) imprisonment. 21 U.S.C. § 841(b)(1)(B)(iii) (2018). On December 14, 2009, Davis was sentenced to a below-Guidelines term of 240 months imprisonment on Count 1, to run concurrently to a 120-month sentence on Count 6. *Davis*, No. 08-cr-50026 at Doc. 69.

On January 18, 2011, the Seventh Circuit dismissed Davis's direct appeal after his counsel filed an *Anders* brief. (Doc. 94 in criminal case). In 2012, Davis filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582, which was unsuccessful. (Docs. 108, 109 in criminal case).

Subsequently, Davis made several attempts to challenge his sentence pursuant to 28 U.S.C. § 2255. His initial Section 2255 motion was denied as untimely. *United States v. Davis*, No. 13-cv-50360, Doc. 6 (N.D. Ill. Mar. 18, 2014). In the order denying relief, the court discussed Davis's

challenge to his career offender classification, finding that even if the Section 2255 challenge had been timely, it would have failed on the merits. *Id*. at pp. 7–10.

In 2016, Davis filed three applications with the Seventh Circuit, seeking permission to file a second or successive Section 2255 motion. Each was unsuccessful. Davis first attempted to challenge his career-offender sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in Case Nos. 16-1726 and 16-3204. The Seventh Circuit responded that *Johnson* was inapplicable because Davis was not sentenced under the residual clause of the Armed Career Criminal Act. *Davis v. United States*, No. 16-1726, Doc. 6 (7th Cir. April 28, 2016). Further, Davis's conviction for aggravated discharge of a firearm was properly used as a career-offender-qualifying conviction, because it included as an element the use, threatened use, or attempted use of force. *Id*. (citing *United States v. Womack*, 732 F.3d 745, 748–49 (7th Cir. 2013)). Davis also sought to challenge his sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016), in Case Nos. 16-3204 and 16-3745. In denying permission for a second/successive Section 2255 petition in those cases, the Seventh Circuit noted that *Mathis* did not meet the criteria to form the basis for a sentence challenge in a Section 2255 proceeding. *Davis v. United States*, No. 16-3204, Doc. 2 (7th Cir. Sept. 12, 2016).

Following the Seventh Circuit's rejection of the above applications, Davis filed the instant action on April 12, 2017.

### GROUNDS FOR HABEAS RELIEF

Davis's primary argument is that the Illinois statutes under which he was convicted in his prior drug and firearm offenses are "divisible," and no longer qualify as predicate offenses for a career offender enhancement under the Guidelines when analyzed using the "modified categorical approach" as explained in *United States v. Descamps*, 133 S. Ct. 2276, 2281 (2013). (Doc. 1, pp. 1,

3

6–7). He invokes *Mathis*, 136 S. Ct. 2243, and points to *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), as an example. In *Hinkle*, the appellate court found that a Texas conviction for delivery of heroin did not qualify as a "controlled substance offense" to trigger an enhanced career-offender sentence under the Guidelines, because the state statute criminalized some conduct that fell outside the Guidelines' definition of a predicate controlled substance offense. Davis argues that his conviction for possession of a controlled substance with intent to deliver, under 720 ILCS 570/401(c)(2), similarly should not have been used to enhance his sentence. (Doc. 1, pp. 6–9). He claims the statute includes the element of simple possession, which would not trigger the enhanced sentencing scheme, in addition to delivery of a controlled substance, which is a qualifying offense.

Additionally, Davis argues that his claim is properly brought under Section 2255(e)'s savings clause and is not barred by *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013), because, unlike the petitioner in *Hawkins*, his claim incorporates the argument that he has a constitutional right to be sentenced using accurate information. (*See* Doc. 25, pp. 28–29). Because his career offender designation was based on inaccurate information (*i.e.*, that he had two predicate offenses to be deemed a career offender under the Guidelines), the fact that his Guidelines range was calculated using this designation means that a "fundamental miscarriage of justice" occurred during his sentencing. (Doc. 25, p. 29).

Based on these arguments, Davis requests the Court to vacate, set aside, or correct his sentence. (Doc. 1, p. 11).

## MOTION TO DISMISS

Respondent argues that the Petition fails to state a claim upon which relief may be granted and should be dismissed under the binding precedent set forth in *Hawkins*, 706 F.3d 820 (7th

4

Cir. 2013), which demonstrates Davis's inability to satisfy the requirements of Section 2255(e)'s savings clause. (Doc. 38, pp. 4–8). Respondent further argues that Davis may not relitigate the issues contained in his Petition because he has already raised them and failed on the merits on direct appeal and subsequent Section 2255 actions, and argues that Davis has procedurally defaulted his present claims. (Doc. 10, pp. 6–15). Finally, Respondent argues that even if the Court could properly consider the merits of Davis's Petition, they fail because the Illinois statute governing Davis's prior controlled substance conviction is properly considered a controlled substance offense as defined by U.S.S.G. § 4B1.2(b). (Doc. 10, pp. 15–20).

## APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to only *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, however, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## ANALYSIS

Davis argues at length that the Illinois statute under which he was convicted for possessing with the intent to deliver cocaine no longer qualifies as a predicate "controlled substance offense" for purposes of the career offender Guidelines enhancement. (*See* Doc. 1, pp. 6–9; Doc. 25, pp. 7–25). But before reaching the merits of this argument, the Court must first consider whether Davis's claim can be brought within the narrow scope of Section 2255(e)'s savings clause. The Court

6

agrees with Respondent that Davis cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he cannot bring this *Mathis* claim in his Section 2241 petition.

Some errors can be raised on direct appeal but not in a collateral attack by a Section 2255 motion or a Section 2241 petition. A claim that a defendant's Guidelines sentencing range was erroneously calculated is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for Section 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *See Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). The career offender Guidelines range that applied to Davis was advisory, not mandatory, because he was sentenced in 2009, well after the *Booker* decision. *United States v. Davis*, No. 08-cr-50026, Doc. 69 (N.D. Ill. Dec. 14, 2009). The applicable statutory sentencing range for Davis's conviction at the time of his sentencing was 10 years to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) (2009). While 21 U.S.C. § 841 has been amended since Davis's conviction was made final, that makes no difference to Davis's argument here—a conviction for possession with intent to distribute more than 28 grams of cocaine base still carries a statutory maximum penalty of 40 years (480 months) imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2018). Thus, Davis's 240-month below-guideline sentence fell within the statutory maximum sentence for his conviction, both under the version of the statute in force at his 2009 sentencing and the statute as

it exists today.

Davis argues that he could not have brought his claim within a year of his final conviction in 2009 because the argument he raises was foreclosed to him until after *Mathis* was decided in 2016. Even assuming, *arguendo*, that the first and second *Davenport* criteria have been met,[1] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Therefore, Davis's Petition does not meet the criteria to bring his claim within Section 2255(e)'s savings clause.

In his reply pleadings, Davis attempts to distinguish *Hawkins* by arguing that, unlike the petitioner in *Hawkins*, he is raising a constitutional challenge to his sentence. He argues that his sentence violates his due process right to be sentenced based on accurate information. (Doc. 25, pp. 28–29; Doc. 33, pp. 22–24). According to Davis, his sentence was based on inaccurate information because his prior convictions no longer qualify as predicate crimes for the career offender enhancement.

The Court does not agree with Davis's reading of the cases he cites in support of this argument. A defendant does, of course, have a due process right to be sentenced based on accurate information. *United States ex rel. Welch v. Lane*, 738 F.2d 863, 864 (7th Cir. 1984), citing *United States v. Tucker*, 404 U.S. 443, 447 (1972) and *Townsend v. Burke*, 334 U.S. 736 (1948). Unfortunately, however, Davis misunderstands the scope of that right.

Due process is violated by reliance on factually incorrect information at sentencing. In *Townsend*, the sentencing court mistakenly thought that the defendant had been convicted on

---

[1] Because *Hawkins* dictates that Davis cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive here, the Court need not decide whether Davis has satisfied the other two *Davenport* factors.

several charges when he in fact had been acquitted or the charges had been dropped. *Townsend*, 334 U.S. at 740. In *Tucker*, the sentencing court was unaware that two of the defendant's prior convictions were invalid because they had been obtained in violation of his right to counsel. *Tucker*, 404 U.S. at 447. In *Welch*, the sentencing court thought that the defendant had been previously convicted of armed robbery, but the prior conviction was only for robbery. *Welch*, 738 F.2d at 865. *See also United States v. Melendez*, 819 F.3d 1006, 1012 (7th Cir. 2016) (drug quantity); *United States v. Jones*, 454 F.3d 642, 652 (7th Cir. 2006) (court considered prior conviction that had been overturned).

Here, the allegedly inaccurate information is not the fact of the prior convictions; it is the conclusion that the prior convictions qualified as predicate crimes for the career offender enhancement. The question of whether a prior crime qualifies as predicate crime is a legal question, not a factual one. Davis cites no case wherein an erroneous determination of a legal question was held to be the kind of "inaccurate information" which violated due process. This Court's independent research has not identified such a case.

Davis also cites this Court's ruling in *United States v. Khoury*, Case No. 16-cv-1085-DRH (S.D. Ill.) (Section 2255 proceeding challenging sentence in Case No. 15-cr-30013-DRH) in support of his Petition—however, *Khoury* is readily distinguishable from Petitioner's case. (*See* Doc. 33, pp. 25–26).

The petitioner in *Khoury* raised challenges based on *Mathis* and *United States v. Edwards*, 836 F.3d 831 (7th Cir. 2016), seeking to vacate his 188-month sentence for unlawful possession of a firearm by a felon. Khoury obtained partial relief based on the Government's outright concession to his claim that his base offense level calculation was incorrect, in the context of a timely-filed first motion under 28 U.S.C. § 2255, which permits correction of a sentence that "was

9

imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). As the Government noted in its response to Khoury's petition, relief under Section 2255 "is 'appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.' *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004)." *Khoury*, No. 16-cv-1085-DRH, Doc. 15, p. 3 (S.D. Ill. Jan. 11, 2017). By conceding that Khoury was entitled to relief, the Government implicitly agreed that the original sentence, based on a guideline calculation that was shown to be erroneous by the Seventh Circuit in *Edwards*, amounted to a miscarriage of justice. Khoury's armed-career-criminal designation was unchanged, however, based on numerous other prior convictions.

This case is not comparable to the facts or legal issues in *Khoury*. Davis's sentencing range was calculated under U.S.S.G. § 4B1.1(a), not U.S.S.G. § 2K2.1 as in *Khoury*, and Davis's enhancement involved a drug-related prior offense, not burglary.[2] Crucially, *Khoury* did not implicate *Hawkins* because the Government conceded that a fundamental defect existed in Khoury's sentence—which would satisfy the requirements of Section 2255(e)'s savings clause— unlike the case here. As explained above, the Seventh Circuit's decision in *Hawkins*, holding that there is no miscarriage of justice where a sentence imposed under an advisory guideline is within the statutory limits, controls this matter and dictates the conclusion that Davis fails to meet the requirements of the savings clause in this case.

Ultimately, the issue in *Hawkins* is indistinguishable from the issue raised by Davis here:

---

[2] The principal case relied upon by Khoury, *United States v. Edwards*, analyzed a Wisconsin burglary statute, which criminalized burglary of a "building or dwelling." The *Edwards* panel found that the Guidelines' definition of burglary included only burglary of a dwelling—thus, the Wisconsin burglary statute criminalized more behavior than the Guidelines' definition of burglary. 836 F.3d 831, 838 (7th Cir. 2016).

the alleged miscalculation of an advisory Guideline range, based on an enhancement factor (here, the career offender designation) which Davis argues is impermissible under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit and Davis's Petition must be dismissed.

## DISPOSITION

For the reasons set forth above, Respondent's Motion to Dismiss (Doc. 38) is **GRANTED**. Davis's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**, and this action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment in favor of Respondent.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:** August 9, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**